**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RICKY J. MOORE**                                                                          **PLAINTIFF**

v.                                                                          **Cause No. 3:10-cv-343-CWR-LRA**

**HINDS COUNTY BOARD OF SUPERVISORS**                              **DEFENDANT**

**ORDER**

Pending before the Court are four motions *in limine* filed by the Hinds County Board of Supervisors ("Hinds County," or "the Board").  Docket Nos. 50-53.  Ricky J. Moore has responded in opposition, Docket Nos. 56-59, and Hinds County has replied, Docket No. 63.[1]  The motions will be granted.

I.     *Background*

Moore, who is white, was employed by Hinds County for 20 years as its Assistant Director of Emergency Management.  He alleges that the Board discriminated against him on the basis of race when it declined to promote him to Director of Emergency Management and instead selected Jimmie Lewis, an African-American.  The case is set for trial on November 7, 2011.  Hinds County's motion for summary judgment remains pending.  *See* Docket No. 23.

II.    *Discussion*

Before addressing each motion, the Court acknowledges Hinds County's general argument that it is not liable for the discriminatory remarks of individual Supervisors because public boards speak through (and are liable for) only their official minutes.  *See* Docket Nos. 52, at 2; 53, at 3-4; 54, at 2; 63, at 1-2.  The Court will take up this argument in its ruling on the fifth motion *in limine*, Docket No. 54, and in its ruling on summary judgment, Docket No. 23.

A.     *Prior Job Announcement or Description*

Moore has attached a document that he claims is a previous job announcement or job description for the Director of Emergency Management position.  Docket Nos. 46, at 2; 50-3, at 6-8; 56, at 2.  The document contains a "Substitution Clause" indicating that Hinds County used to permit the Director to substitute work experience for a college degree.  Docket No. 50-3, at 6-8.

---

[1] A fifth motion *in limine*, Docket No. 54, remains under consideration.

Moore, who does not have a college degree, claims that this clause was intentionally deleted when he sought the Directorship in order to disqualify him, because the majority African-American Board allegedly sought to hire an African-American. Docket No. 56, at 3.

Hinds County argues that Moore has not authenticated the document under Federal Rule of Evidence 901. Docket No. 50, at 2. It contends that the available evidence – namely, sworn testimony from Bridget Smith, its Director of Personnel – proves that Smith never saw[2] or created the document, and therefore, that Smith has also not authenticated the document. *Id.* at 1-2.

Moore responds that the document "is and always has been the job description for the position" since the creation of the Emergency Management department several decades ago. Docket No. 56, at 2. He claims that there is record evidence of a telephone conversation between Smith, Moore, and a third Hinds County employee, in which Moore learned that the job announcement or description had been altered, and implies that the document in question was the version from which alterations were made. *Id.* at 2-3. Regarding admissibility, he claims that he can authenticate the document, "as an authorized representative and supervisor of the Department about the requirements of a job he had known for twenty years." *Id.* He also argues that Smith may be able to authenticate it because her affidavit never denies relying upon the document and never disputes that the document was an official record of Hinds County. *Id.* at 3-4. He urges the Court to compare the two documents and infer by their similarity that Smith relied upon the prior version when making the new job posting, and therefore that she can authenticate it. *Id.*

To authenticate a document, the proponent has the burden of producing "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

> The requirement of showing authenticity falls in the category of relevancy dependent upon fulfillment of a condition of fact and is governed by the procedure set forth in Rule 104(b). Under Rule 104(b), the trial court must admit the evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.

*United States v. Isiwele*, 635 F.3d 196, 199 (5th Cir. 2011) (citations and quotation marks omitted).

Assertions by counsel do not constitute "evidence sufficient to support a finding that the

---

[2] This claim is unsupported by the evidence. Smith's affidavit does not state that she never saw or reviewed the document in question when preparing the job posting.

matter in question is what its proponent claims." Fed. R. Evid. 901(a).  Because the document has not been authenticated as a previous job announcement or job description adopted by the Board, the motion will be granted.

  *B.*  *News Articles*

Hinds County moves to exclude all media articles relating to this suit, on the basis that they would constitute "classic, inadmissible hearsay." Docket No. 51.  Moore's response confirms that he "does intend to utilize the news media articles concerning prior statements made by the members [of the Board of Supervisors] to the media, [but] the Plaintiff does not intend to introduce the articles solely without being related to the examination of the members of the Board concerning the statements and the accuracy of the statements, as depicted in the media." Docket No. 57, at 2.

"[N]ewspaper articles [are] classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir.2005); *see James v. Texas Collin Cnty.*, 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay.").

The question here is whether a Supervisor's direct quote within an article may be used for impeachment.  Another court in this District has answered this question as follows:

> [P]ermitting Plaintiffs to use media reports of State Farm's activities to impeach its witnesses would allow an exception to the hearsay rule to swallow the rule itself. There is no indication that the reporter(s) who wrote the article(s) in question will be available for cross-examination regarding the veracity or accuracy of the statements in each article attributed to State Farm, and for this reason, there is also a lack of sufficient indicia of trustworthiness in the articles.

*Fowler v. State Farm Fire & Cas. Co.*, No. 1:06-cv-489, 2008 WL 3050417, *10 (S.D. Miss. 2008).

For these reasons, the motion will be granted.

  *C.*  *State Auditor's Investigation*

Hinds County moves to exclude all evidence concerning a State Auditor's investigation into nepotism in Hinds County hiring. Docket No. 52.  The evidence includes the transcript of a phone call between Supervisor Robert Graham and Jimmie Lewis, which Moore attached during the summary judgment stage to seek an inference that the Board has a custom or policy of racial discrimination.  Hinds County argues that such an inference is speculative and that raising the existence of the investigation would be prejudicial and irrelevant. *Id.* at 2.  It also claims there is

3

an authentication problem with the transcription of the recording. *Id.* at 3. Moore responds that the phone call is probative of racial animus and that the Board's explanation for not promoting Moore was pretextual. Docket No. 58, at 3-4.

Hinds County is correct that neither the transcript nor the underlying recording have been authenticated, and therefore do not constitute admissible evidence. Additionally, this evidence, which concerns nepotism, is not relevant and if admitted would likely have a substantially greater prejudicial effect than probative value to the race discrimination claim at issue in this trial. *See* Fed. R. Evid. 402 and 403. The motion will be granted.

    D.    *Moore-Calhoun Phone Call*

Hinds County seeks the exclusion of evidence regarding a particular recorded phone call between Moore and Supervisor Peggy Calhoun. Docket No. 53. It argues that the transcript of the call is unauthenticated, that Supervisor Calhoun's remarks contained in it were irrelevant to race-based discrimination, and that it also contains hearsay statements by Moore. *Id.* at 2-5. Moore responds that the call reveals discriminatory intent and is relevant evidence that Hinds County's explanation for choosing Lewis is false. Docket No. 59, at 3-4. He also argues that the phone call is admissible as a party admission, and for support cites cases interpreting the Mississippi Rules of Evidence. *Id.* at 4.

As before, neither the transcript nor the underlying recording have been authenticated. The Court further agrees that the substance of the phone call is irrelevant to race discrimination. The motion will be granted.

III.    Conclusion

The motions *in limine* [Docket Nos. 50-53] are granted.

SO ORDERED this the 25th day of October, 2011.

                                    s/ Carlton W. Reeves
                                    UNITED STATES DISTRICT JUDGE